1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7            **EASTERN DISTRICT OF CALIFORNIA**
8
9
10 **JUAN PABLO RIBA,**              )         **CV-F-05-1392 AWI**
                                     )
11              **Petitioner**,      )
                                     )         **ORDER RE: MOTION TO**
12    **v.**                         )         **VACATE, SET ASIDE, OR**
                                     )         **CORRECT THE SENTENCE**
13 **UNITED STATES OF AMERICA,**     )         **PURSUANT TO 28 U.S.C. §2255**
                                     )
14              **Respondent**.      )
   _____  )
15
16
17        Pursuant to a plea agreement, Petitioner Juan Pablo Riba plead guilty on March 1, 1999

18 to one count of 21 U.S.C. §841(a)(1), conspiracy to distribute and possession with intent to

19 distribute a controlled substance. Doc. 23.  Petitioner was sentenced to 108 months of

20 imprisonment and 60 months supervised release on May 10, 1999. Doc. 26.  Petitioner did not

21 file any direct appeals.  He filed his first 28 U.S.C. §2255 motion on December 2, 2002. Doc. 37.

22 The court issued an order to show cause why the motion should not be dismissed as being

23 untimely filed beyond the one year limitations period. Doc. 38.  Petitioner filed a response, but

24 was unable to argue any law or facts that demonstrated how his motion was timely filed; the

25 court dismissed the habeas petition as being time barred. Doc. 40.

26        On November 4, 2005, Petitioner filed a second petition entitled "Motion For Adjustment

27 or Reduction of Sentence." Doc. 41.  In reviewing the two petitions, the court finds them to be

28 based on the same legal ground.  Both motions argue that the disparate consequences faced by

                                        **1**

deportable aliens and U.S. citizens in serving their criminal sentences violate equal protection.  In

his first motion, Petitioner "justifies this downward departure on grounds that counsel failed to

argue that Defendants ineligibility for minimum security confinement, drug program, and pre-

release custody as a result of his status as a deportable alien constituted significant mitigating

factors that should have been considered by the sentencing court. Defendant asserts that the

disparate sentences that result between alien and American inmates as a consequence of

immigration detainers lodged automatically in an alien's Bureau of Prisons (BOP) file constitute

a violation of equal protection under the law. Const. Amend. 14." Doc. 37, First Petition, at 1-2.

In the second motion, Petition argues, "Solely because of the status as a deportable alien,

Petitioner's sentence will be served under circumstances more severe than those facing a U.S.

citizen under similar circumstances. Unlike U.S. citizens who commit the same crime and are

sentenced under identical federal sentencing guidelines, Petitioner will not be eligible to serve

Petitioner's sentence in a minimum security facility, serve a portion (i.e. 10%) of Petitioner's

sentence in a halfway house, or other community custody programs(s), including but not limited

to home confinement, and not be able to receive up to 12-months reduction from Petitioner's

sentence for successfully completing the Residential Drug Program Treatment (DAP). Petitioner

has the right to receive a reduction of sentence in the range of 6-18 months." Doc. 41, Second

Petition, at 3.  Petitioner is making the same argument after the court already determined that the

statute of limitations has run.

The court is without jurisdiction to entertain the petition as it is a successive habeas

petition and Petitioner did not obtain Ninth Circuit permission to file it.  Where a first petition is

denied as time barred, a second petition on the same grounds is considered a second or

successive petition that is subject to the restrictions set out in 28 U.S.C. §2255 and §2244(a).

"[T]he dismissal of a § 2255 petition as untimely under AEDPA presents a 'permanent and

incurable' bar to federal review of the merits of the claim. The bar is permanent because, unlike

cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as

premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition

that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits

for successive purposes." <u>Villanueva v. United States</u>, 346 F.3d 55, 61 (2nd Cir. 2003); see also <u>Smith v. Felker</u>, 2008 U.S. Dist. LEXIS 23023, *2-4 (C.D. Cal. Mar. 13, 2008) (same conclusion in Section 2254 context). This requirement applies notwithstanding the ambiguous captioning the Petitioner has used to label his motion. See <u>Brackett v. United States</u>, 206 F. Supp. 2d 183, 187 (D. Mass. 2002) (bar to successive petition when no circuit permission received applies despite characterization of motion as writ of error coram nobis or reconsideration).

The petition of Juan Pablo Riba to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.

IT IS SO ORDERED.

**Dated:    March 12, 2009**                     **/s/ Anthony W. Ishii**
                                            CHIEF UNITED STATES DISTRICT JUDGE